```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**ANGELO ORTEGA-CADELAN,**

                      **Petitioner,**

       v.                                    CASE NO. 20-3178-SAC

**DON LANGFORD,**

                      **Respondent.**

### ORDER TO SHOW CAUSE

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus. For the reasons that follow, the Court directs petitioner to show cause why this matter should not be dismissed due to the failure to commence this action within the one-year limitation period.

### Background

    Petitioner was convicted upon his guilty plea in the District Court of Sedgwick County, Kansas. The Kansas Supreme Court denied his appeal from the sentence. *State v. Ortega-Cadelan*, 194 P.3d 1195 (Kan. 2008). Petitioner filed a post-conviction action under K.S.A. 60-1507 on October 20, 2009, and he voluntarily dismissed his appeal from that action on May 1, 2012.

    On May 31, 2012, petitioner filed a second action under K.S.A. 60-1507. The state district court denied relief, and the Kansas Court of Appeals affirmed that decision on November 7, 2014. The Kansas Supreme Court denied review on July 22, 2015.

    On July 7, 2017, petitioner filed a motion to correct illegal sentence. The state district court denied relief, and on August 30,

2019, the Kansas Court of Appeals affirmed in part and remanded the matter with directions. The Kansas Supreme Court denied review on February 27, 2020.

Petitioner filed the present petition for habeas corpus on July 1, 2020.

## Analysis

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established a one-year statute of limitations for filing a habeas corpus petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*.

The Supreme Court has stated that "direct review" concludes when the availability of direct appeal in the state courts and request for review in the U.S. Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under the Rules of the Supreme Court, a petitioner has ninety days from the conclusion of direct appeal to seek certiorari in the Supreme Court. U.S. S. Ct. Rule 13. If the petitioner does not seek certiorari review, the one-year limitation period begins to run at the end of the ninety-day period. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003)(internal quotations omitted).

The one-year limitation period is tolled, or paused, by statute during "[t]he time … which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The limitation period also may be subject to equitable tolling

in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and quotations omitted).

Petitioner's conviction became final when the ninety-day period for seeking review in the U.S. Supreme Court expired on January 29, 2009. The limitation period began to run on January 30, 2009, and ran until petitioner filed his post-conviction action under K.S.A. 60-1507 on October 30, 2009[1]. That filing tolled the limitation period at 273 days, with 92 days remaining. The period resumed running when petitioner voluntarily dismissed the appeal from the post-conviction action on May 1, 2012, and ran until he filed his second action under K.S.A. 60-1507 on May 31, 2012. At that point, 29 more days had run on the one-year period, leaving 63 days remaining. The limitation period remained tolled until July 22, 2015, when the Kansas Supreme Court denied review in that matter. The limitation period began to run on July 23, 2015, and expired on September 23, 2015.

### Order to Show Cause

Because petitioner did not file the petition within the one year allowed by statute, the Court directs him to show cause why this matter should not be dismissed. Petitioner's response is due **August 10, 2020.**

---

[1] On December 31, 2009, petitioner filed a petition under § 2254, Case No. 09-3284-SAC, *Ortega-Cadelan v. Goddard*. That matter was dismissed without prejudice on February 10, 2010, to allow petitioner to exhaust state court remedies.

The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **August 10, 2020,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 8th day of July, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge