**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANGELO ORTEGA-CADELAN,**

                    **Petitioner,**

      **v.**                                                       **CASE NO. 20-3178-SAC**

**DON LANGFORD,**

                      **Respondent.**

### ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The matter comes before the court on petitioner's motion for relief from judgment[1] filed on July 29, 2021.

For the reasons set forth, the court denies the motion.

### Background

On July 8, 2020, the court entered an order to show cause (OSC) directing petitioner to explain why this matter should not be dismissed due to his failure to file it within the one-year limitation period. The order directed him to respond on or before August 10, 2020. Petitioner did not file a response, and the court dismissed the petition on August 13, 2020. On September 8, 2020, the clerk of the court returned materials to petitioner because they were not submitted through the electronic filing system.

On June 29, 2021, petitioner filed the motion for relief from judgment.

### Discussion

Petitioner seeks relief from the dismissal because (1) he

---

[1] Although the motion cites K.S.A. 60-260(b)(2), the court liberally construes the motion as filed under Rule 60(b) of the Federal Rules of Civil Procedure.

contracted COVID and was ill during the time a response was needed; (2) a friend who assisted him with the petition also became ill and was transferred; and (3) he is entitled to equitable tolling of the limitation period.

Under Rule 60(b), a party may seek relief from a final judgment for several reasons including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Relief under Rule 60(b) is an extraordinary remedy and requires a showing of exceptional circumstances. *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018).

When a motion under Rule 60(b) is filed in a petition under § 2254, the court must consider whether the motion is properly considered as a motion under that provision or is a second or successive petition. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Where, as here, the 60(b) motion challenges a procedural ruling that barred a determination on the merits, the motion is analyzed under Rule 60(b). *Spitznas*, 464 F.3d at 1215-16.

The court has considered the motion and finds no grounds to allow the relief sought by petitioner. While his medical condition explains a delay in responding to the OSC, petitioner has not shown any specific reason to excuse his initial failure to file the petition in a timely manner. As explained in the OSC, the limitation period ended on September 23, 2015, long before the petition was filed. Accordingly, the court finds petitioner has not shown any exceptional circumstances that warrant relief under Rule 60(b).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for relief from judgment (Doc. 6) is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 2nd day of August, 2021, at Topeka, Kansas.

                                                  S/ Sam A. Crow

                                                  SAM A. CROW  
                                                  U.S. Senior District Judge