**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANGELO ORTEGA-CADELAN,**

                      **Petitioner,**

          **v.**                                          **CASE NO. 20-3178-SAC**

**DON LANGFORD,**

                        **Respondent.**

## MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The court conducted an initial screening of this matter and entered an order to show cause directing petitioner to show why this matter should not be dismissed due to his failure to file it within the one-year limitation period. Petitioner did not respond within the time allowed, and the court dismissed the petition on August 13, 2020. On July 29, 2021, nearly a year later, petitioner filed a motion for relief from judgment. The court denied that motion on August 2, 2021. Petitioner then filed the present motion for reconsideration, and the court allowed him to show cause why the dismissal in this matter should be set aside. The court construes the motion and response to seek equitable tolling of the limitation period based on extenuating circumstances.

    Petitioner's response states that he lost contact with the prisoner who first assisted him, that he thought the earlier petition he filed[1] would be reinstated after his exhaustion of state remedies, that he and another prisoner who helped him were separated during the

---

[1] Case No. 09-3284, *Ortega-Cadelan v. Goddard*, was dismissed without prejudice on February 10, 2010, to allow petitioner to exhaust state court remedies.

COVID pandemic, that during 2020 and 2021, the prison library often was closed, and that due to his accent, he had difficulty finding help from other prisoners.

## Analysis

Petitioner's motion for reconsideration is governed by Local Rule 7.3(b), which allows a party to seek reconsideration of a non-dispositive order. To obtain relief, the motion must be based upon an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. D. Kan. R. 7.3(b).

The one-year limitation period of 28 U.S.C. § 2244(d) "is not jurisdictional and ... may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Such tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). Petitioner has the burden to show specific facts to support equitable tolling. *Yang*, 525 F.3d at 928.

First, to the extent petitioner seeks tolling on the ground that he did not understand when the limitation period ran and that he thought his earlier habeas action would be reinstated after he exhausted state remedies, he is not entitled to relief. It is settled in the Tenth Circuit that a petitioner's ignorance of the law does not excuse the failure to timely file a habeas petition. *Marsh v.*

*Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling.").

Likewise, a petitioner's "claim of insufficient access to relevant law … is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Therefore, the petitioner's limited access to the prison law library and equipment does not warrant equitable tolling.

Finally, petitioner asserts as grounds for equitable tolling the facts that he has a thick accent, making him difficult to understand, and that he is not proficient in English. In some circumstances, a language barrier can support equitable tolling. *Yang*, 525 F.3d at 930. However, because petitioner does not provide specific facts describing his attempts to diligently pursue his claims and explaining how he was prevented from timely filing this action due to the language barrier, the court concludes he is not entitled to equitable tolling on this ground.

For these reasons, the court concludes petitioner is not entitled to equitable tolling and denies the motion for reconsideration.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. 8) is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 13th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge